# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 30, 2012

Lyle W. Cayce
Clerk

No. 11-50579
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CYNTHIA ANN ROBINSON,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:02-CR-82-1

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Cynthia Ann Robinson was sentenced, *inter alia*, to 36-months' imprisonment for violating conditions of her supervised release. Robinson contends the sentence, which was above the range indicated by policy statements in the advisory Sentencing Guidelines, is substantively unreasonable because it: overstated the seriousness of her supervised-release violations; and failed to reflect her personal circumstances.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50579

As our court recently held, revocation sentences are reviewed under a deferential plainly unreasonable standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir.), *cert. denied*, 132 S. Ct. 496 (2011). First evaluated is whether the district court committed procedural error; then, whether the sentence is substantively reasonable "under an abuse-of-discretion standard". *Id.* (internal quotation marks omitted). If the sentence is unreasonable, we determine "whether the error was obvious under existing law". *Id.*

As reflected above, Robinson does not claim procedural error. And, for her above-stated claim, Robinson has not shown her revocation sentence is plainly unreasonable. Her sentence was within the statutory maximum term of imprisonment the district court could have imposed. *See* 18 U.S.C. §§ 1344 (Robinson's original convicted offense (bank fraud)), 3559(a)(2) (original offense was Class B felony), 3583(e)(3) (three-year maximum for violating supervised release on Class B felony). The district court considered the nature and circumstances of Robinson's admitted supervised-released violations (*inter alia*, committing forgery and theft), her history of stealing from her employers, and the need to protect the public, and concluded that a 36-month sentence was appropriate (to run concurrently, *not* consecutively (as had been requested by the Government), with the state sentence of 20-months' imprisonment for her new state conviction).

AFFIRMED.